# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEBORAH COLE, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 06 C 1087 |
| FOREST PARK SCHOOL DISTRICT 91, et al., | ) Judge Virginia M. Kendall |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Deborah Cole ("Plaintiff") brings this action against the Forest Park Middle School District No. 91 and its officials Dr. Randolph Tinder, Mrs. Catherine Denham, and Ms. Karen A. Bukowski (collectively "Defendants"). Plaintiff alleges that Defendants conspired to engage in financial transactions to conceal, disguise and misrepresent the fact that they receive federal funds, but do not provide the funded services. The funded services include free or reduced breakfast and lunch and public transportation to low-income students. Plaintiff also alleges that Defendants neglect to inform parents that they are entitled to these federally funded services and fail to provide parents with the proper application forms to apply for the programs. Plaintiff brings her action under 18 U.S.C. § 1343 (wire fraud); 18 U.S.C. § 1344 (bank fraud); the Illinois statute on Official Misconduct, 720 ILCS 5/33-3; the Whistle Blower Protection Act, 740 ILCS 174/15; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; the Illinois Prevailing Wage Act, 820 ILCS 130/0.01; the National School Lunch Act, 42 U.S.C. §§ 1751-1759 (promulgated pursuant to the Child Nutrition Act of 1966, 42 U.S.C. §§ 1771-1789); the Child Nutrition Initiative Act of 2003; Title I of the Pupil Bus Transportation Service Act. Defendants have moved to dismiss the Complaint under Rule 12(b)(1) for lack of standing and Rule 12(b)(6) for failure to state a claim. Even

assuming Plaintiff could establish standing by virtue of the alleged payments of $50.00 per month for food and transportation for her grandchildren or foster children, her Complaint must be dismissed because it fails to state a claim under each of the statutes above.

## DISCUSSION

When considering a motion under Rule 12(b)(6), a court must take as true all facts alleged in the complaint, and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). A Rule 12(b)(6) motion will not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957).

The federal wire fraud, 18 U.S.C. § 1343, and bank fraud, 18 U.S.C. § 1344, statutes are criminal statutes which provide no cause of action to a private litigant like Plaintiff. *See Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999) (finding no congressional intent to create a private right of action for mail or wire fraud); *Park Nat. Bank of Chicago v. Michael Oil Co.*, 702 F. Supp. 703, 704 (N.D. Ill. 1989) (holding no private right of action exists for bank fraud).[1] Because neither Ms. Cole nor this Court have the power to initiate a criminal case under these statutes, her wire fraud and bank fraud claims are dismissed.

The National School Lunch Act, 42 U.S.C. § 1751, *et seq.*, promulgated pursuant to the Child Nutrition Act of 1966, 42 U.S.C. § 1771, *et seq.*, declares it "to be the policy of Congress, as a measure of national security, to safeguard the health and well-being of the Nation's children and to encourage the domestic consumption of nutritious agricultural commodities and other food, by

---

[1] General practice and, more specifically, this Judge's website require that "[a]ll citations should include a pin-point citation to the precise page on which the language relied on appears." In the majority of their case citations, Defendants did not include a pin-point citation.

assisting the States, through grants-in-aid and other means, in providing an adequate supply of foods and other facilities for the establishment, maintenance, operation, and expansion of nonprofit school lunch programs." Section 1760(g) provides criminal penalties for "[w]hoever embezzles, willfully misapplies, steals, or obtains by fraud any funds, assets, or property that are the subject of a grant or other form of assistance under this chapter or the Child Nutrition Act of 1966 [42 U.S.C.A. § 1771 *et seq.*]." Thus, like the bank and wire fraud statutes, the federal government (federal investigators and prosecutors, not this Court) may begin an investigation or file a case against Defendants, but nothing in the School Lunch Act allows Plaintiff to sue Defendants for mismanaging the school lunch program. Thus, her National School Lunch Act claim is dismissed.

The Illinois statute on Official Misconduct, 720 ILCS 5/33-3, outlines certain acts that constitute misconduct by a public officer or employee or special government agent. If such a person is convicted of violating this section he or she forfeits his office or employment or position and is guilty of a Class 3 felony. Again, the Illinois statute allows criminal prosecution for violations but does not allow a private citizen to sue under its provisions. *People v. Maryland Cas. Co.*, 132 F.2d 850, 852-53 (7th Cir. 1942).

The Illinois Whistleblower Act, 740 ILCS 174/15, states that "[a]n employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." Because Plaintiff has not alleged that she is an employee of Defendants, her Whistleblower Act claim is dismissed.

Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation

in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Because Plaintiff has not alleged that her grandchildren, foster children or other students have been excluded from the programs because of race, color or national origin, her Title VI claim is dismissed.

The Illinois Prevailing Wage Act states that "[i]t is the policy of the State of Illinois that a wage of no less than the general prevailing hourly rate as paid for work of a similar character in the locality in which the work is performed, shall be paid to all laborers, workers and mechanics employed by or on behalf of any and all public bodies engaged in public works." 820 ILCS 130/1. Violations of the Act are punishable as a class A misdemeanor. 820 ILCS 130/6. Because Plaintiff's allegations do not relate to a prevailing hourly rate not being paid, her Prevailing Wage Act claim is dismissed.

As to Plaintiffs final two statutes – the Child Nutrition Initiative Act of 2003 and Title I of the Pupil Bus Transportation Service Act – Plaintiff provides no statutory cite for these Acts and the Court cannot find any. Thus, her Child Nutrition Initiative Act and Pupil Bus Transportation Service Act claims are dismissed.

**Conclusion and Order**

Taking as true all facts alleged in the complaint, and construing all reasonable inferences in favor of Plaintiff, it appears beyond doubt that Plaintiff can prove no set of facts in support of her claims which would entitle her to relief. Because Plaintiff has failed to state a claim under the statutes referenced in her Complaint, the Court will not address now whether she has standing to pursue them or any other claim. Wherefore, Defendants' Motion to Dismiss Plaintiff's Amended Complaint is granted. Plaintiff's claims under the federal wire and bank fraud statute, the Illinois

4

statute on official misconduct, and the National School Lunch Act are dismissed with prejudice. Her claims under the Whistle Blower Protection Act, Title VI of the Civil Rights Act of 1964, and the Illinois Prevailing Wage Act, 820 ILCS 130/0.01 are dismissed without prejudice to her re-pleading facts that could entitled her to relief under these Acts. Finally, to the extent that Plaintiff can identify the citations for the Child Nutrition Initiative Act of 2003 and Title I of the Pupil Bus Transportation Service Act and plead facts that could entitle her to relief under them, those claims also are dismissed without prejudice.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Dated: June 19, 2006